UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80161-SMITH/MATTHEWMAN

ROBERT AUSTIN, *et al.*,

      Plaintiffs,

v.

PUBLIC REPUTATION
MANAGEMENT SERVICES, LLC.,

      Defendant.

_____/

FILED BY KJZ D.C.
Aug 27, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER [DE 45]

THIS CAUSE is before the Court on Plaintiffs' Motion for a Protective Order [DE 45], filed on August 26, 2020, regarding a deposition scheduled for August 28, 2020. Defendant filed its Response in Opposition [DE 46] on August 27, 2020, which not only opposed Plaintiffs' motion for protective order but also improperly sought additional relief (extension of time to file its opposition to Plaintiffs' motion for class certification) within the confines of its response.[1] The Court has carefully reviewed the Motion, response, the entire docket, applicable law, and finds that the matter shall be decided now without a hearing.  As such, it is hereby ORDERED as follows:

In the midst of a COVID-19 pandemic, with all the pressing concerns and problems such pandemic brings to our society and to the Courts, the parties' counsel in this case have chosen to spend their time bickering over the date of the deposition of Plaintiffs' expert, Aaron Woolfson. This dispute is reminiscent of what United States Magistrate Judge Jonathan Goodman had to deal with in *C.W. v. NCL (BAHAMAS) LTD.,* 19-cv-24441, 2020 WL 1492904 (S.D. Fla.

---

[1] Responses and motions are to be filed separately under Southern District of Florida Local Rule 7.1. *See Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2015 WL 11422274, at *1 (S.D. Fla. Apr. 3, 2015).

03/21/2020), which the parties' counsel in this case are ordered to read.[2] The pending silly and unprofessional deposition-date discovery dispute shall likewise be quickly laid to rest.

Plaintiff's Motion for a Protective Order [DE 45], filed by Plaintiffs' counsel, Avi R. Kaufman, states that Defendant unilaterally set the deposition of Plaintiffs' expert witness, Aaron Woolfson, for August 28, 2020, which happens to be tomorrow. And, of course, Plaintiffs' motion was filed on August 26, 2020, which happens to be yesterday. Plaintiffs want their expert's deposition taken on September 3rd or 4th, 2020, which is next Thursday or Friday. Plaintiffs' counsel advised Defendant's counsel that Plaintiffs' counsel are all unavailable on August 28, 2020, but apparently will not tell Defendant's counsel the specifics of why they are unavailable.

Defendant's Opposition [DE 46] was just filed earlier today. Defendant states that it unilaterally set the deposition for August 28, 2020 when Plaintiff's counsel would not provide dates for the expert's deposition during the week of August 24, 2020. Defendant's counsel, Kenneth M. Rehns, complains that the Court has required the Defendant to file its opposition to Plaintiffs' motion for class certification on or before September 9, 2020, and therefore, the deposition of Plaintiffs' expert must be taken on August 28, 2020, or the Court must give Defendant another week to file its opposition to Plaintiffs' motion for class certification. Unfortunately for Defendant, the Court has previously extended the due date of Defendant's opposition to Plaintiffs' motion for class certification to September 9, 2020, and has also previously stated that no further extensions would be allowed absent extraordinary circumstances [DEs 41, 44]. This silly deposition date dispute is certainly not an extraordinary circumstance.

---

[2] The parties' counsel are also ordered to read this Court's Order Setting Discovery Procedure [DE 19] including the comments of Chief Justice Roberts contained in that Order.

Defendant complains that if it has to take Plaintiffs' expert deposition on September 3rd or 4th, 2020, it will not have sufficient time to fully respond to Plaintiffs' motion for class certification which is due on September 9, 2020.

So there you have it. Defendant's counsel, Mr. Rehns, says the deposition of Mr. Woolfson must go forward tomorrow, Friday, August 28, 2020. Plaintiff's counsel, Mr. Kaufman, says all of Plaintiffs' attorneys are unavailable tomorrow and the deposition should proceed on Thursday, September 3rd or Friday, 4th, 2020. This Court has been forced to put aside other, far more serious matters, to deal with this petty dispute occasioned by the parties' counsel inability to cooperate like professional attorneys.

The Court hereby ORDERS that Plaintiffs' Motion for Protective Order [DE 45] is GRANTED IN PART and DENIED IN PART as follows:

The deposition of Mr. Woolfson set for Friday, August 28, 2020 is hereby CANCELLED.

1) The deposition of Mr. Woolfson shall take place on Saturday, August 29, 2020 at 10:00 a.m.

2) In the event that date is disagreeable, then the deposition of Mr. Woolfson shall take place on Sunday, August 30, 2020 at 10:00 a.m.

3) In the event that both those dates are disagreeable, then the deposition of Mr. Woolfson shall take place on Monday, August 31, 2020 at 10:00 a.m.

The parties shall agree on one of the three above dates, and the deposition shall go forward and be completed on one of those three dates. The deposition shall, in any event, take place no later than Monday, August 31, 2020 at 10:00 a.m. The parties are ordered to cooperate with one another in setting the deposition on one of those three dates. Failure to cooperate shall result in

sanctions against the offending party or attorney(s). In the event of a failure to proceed with the deposition of Mr. Woolfson on one of the above-three dates, or in the event of any further silly discovery disputes like this one, the Court shall consider an award of costs and attorneys' fees, and other appropriate sanctions per Fed.R.Civ.P. 37, against the offending party and counsel.

**DONE and ORDERED** in Chambers this 27th day of August, 2020, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge