UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80161-SMITH/MATTHEWMAN

ROBERT AUSTIN, *et al.*,

        Plaintiffs,

v.

PUBLIC REPUTATION
MANAGEMENT SERVICES, LLC.,

        Defendant

_____/

FILED BY ___KJZ___ D.C.

Sep 22, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER DENYING DEFENDANT'S MOTION FOR ADDITIONAL TIME
TO DEPOSE PLAINTIFFS' EXPERT [DE 48]**

THIS CAUSE is before the Court on Defendant's Motion for Additional Time to Depose Plaintiffs' Expert [DE 48]. Plaintiff filed a Response in Opposition [DE 51]. Defendant did not file a reply and the time for doing so has passed. The Court has carefully reviewed the Motion, response, the entire docket, all applicable law, and finds that the matter is ripe for review without a hearing.

**I.     INTRODUCTION AND BACKGROUND**

The Court is somewhat perplexed and confounded by Defendant's pending Motion, in which Defendant seeks another bite at the proverbial expert deposition apple, in an effort to save itself from its own self-imposed predicament. A brief history of this case is necessary to fully understand this wholly unnecessary discovery dispute.

**a.     The Pre-Trial Deadlines and Trial Date in this Case**

The Court's analysis of the pending discovery dispute must start with the relevant deadlines in this Telephone Consumer Protection Act ("TCPA") case. The trial date in this case

is July 7, 2021. The fact and expert discovery cut-off date is several months ahead, January 28, 2021 [DE 17].  Of special significance to the present Motion, expert disclosures are not even due until December 1, 2020. So, as far as fact and expert disclosures and discovery, the deadlines remain far in the future.

Further, in this putative class action TCPA case, the Defendant moved, on August 11, 2020, for the Court to set a briefing schedule for Plaintiffs' anticipated class certification motion [DE 40]. In that unopposed motion, Defendant requested a briefing schedule whereby Plaintiffs would file their class certification motion by August 12, 2020, Defendant would file its response in opposition four weeks later, on September 9, 2020, and Plaintiffs would file their reply on September 16, 2020 [DE 40].  The Court granted Defendant's request [DE 41].

### b.     The Silly Deposition-Date Dispute Over the Deposition of Plaintiffs' Expert

When Plaintiffs timely filed their class certification motion on August 12, 2020 [DE 42], they attached ten exhibits, one of which was a 200-page Declaration of an expert, Mr. Aaron Woolfson, who analyzed the call details in this TCPA case. [DE 42-5]. Despite the fact that this case was in the very early stages of discovery, Defendant aggressively pursued an immediate deposition of Mr. Woolfson. After becoming dissatisfied with Plaintiffs' counsel's responses to a requested August, 2020 deposition of Mr. Woolfson, Defendant's counsel unilaterally set the deposition for Friday, August 28, 2020.

This deposition-date bickering between the parties' counsel resulted in Plaintiffs filing a motion for protective order on August 26, 2020 [DE 45], in which Plaintiffs' counsel argued that they were all unavailable for Mr. Woolfson's deposition on Friday, August 28th, and a response in opposition from Defendant on August 27, 2020 [DE 46], in which Defendant's counsel argued that the deposition must be taken immediately on Friday, August 28th. The Court ruled in an

expedited manner on the afternoon of August 27th, and ordered that the August 28th deposition was cancelled, but that the deposition would go forward on the morning of Saturday, August 29th, the morning of Sunday, August 30th, or the morning of Monday, August 31st [DE 47]. The deposition did proceed and was completed on Saturday, August 29, 2020. Therefore, Defendant got what it demanded once again, that is, an early and immediate deposition of Mr. Woolfson. So much for that issue.

### c. The Dispute Over SQL Statements, the SQL Database, and the Documents Underlying or Related to Mr. Woolfson's 200-Page Declaration

As noted previously, Mr. Woolfson's 200-page Declaration was filed on August 12, 2020, at DE 42-5. However, as Defendant's counsel aggressively pushed for an immediate August, 2020 deposition of Mr. Woolfson, a dispute arose between opposing counsel regarding production of SQL Statements, the SQL Database, and documents regarding Mr. Woolfson's Declaration. This was an email dispute between counsel, as no subpoena for documents was ever issued by Defendant's counsel to Mr. Woolfson for any documents whatsoever. Also, no formal request for production of such documents was made by Defendant. In effect, instead of issuing a subpoena to the expert for any additional documents, or making a formal request for production, Defendant's counsel began emailing Plaintiffs' counsel for those documents, and over objection to the manner in which Defendant's counsel had requested the documents, such documents were produced by Plaintiffs' counsel at various times in August, 2020, including on the evening of August 28, 2020, and then on August 29, 2020. That production, which Defendant claims is "untimely," is what underlies this present dispute.

3

**II. DEFENDANT'S PENDING MOTION CLAIMS THAT PLAINTIFFS' ALLEGED LAST-MINUTE PRODUCTION OF ALL REQUIRED DOCUMENTS UNDERLYING OR RELATED TO MR. WOOLFSON'S DECLARATION/REPORT ENTITLES DEFENDANT TO TAKE A FURTHER TWO-HOUR DEPOSITION OF MR. WOOLFSON**

In its pending Motion [DE 48], Defendant asserts that because Plaintiffs did not timely produce all required documents in relation to Mr. Woolfson's expert report[1] far enough in advance of the August 29th deposition of Mr. Woolfson, Defendant has been prejudiced. Defendant's counsel even filed an Affidavit [DE 49]. In sum, Defendant asserts prejudice and proclaims that Mr. Woolfson must be compelled to sit for two more hours of deposition due to the late and last-minute production of certain documents underlying or related to his report [DE 48-3].

According to Plaintiffs' Response [DE 51], Mr. Woolfson's report included all the information required by Rule 26, including all of the SQL statements reflecting his analysis of the data that was produced by Defendant and its vendors and identified in the report as having been loaded to the SQL database. *See* DE 42-5. Plaintiffs' counsel asserts that all additional information requested by Defendant's counsel was produced, over Plaintiffs' objection as to the manner in which Defendant's counsel requested the additional documents. Further, Plaintiffs' Response asserts that Defendant's failure to subpoena Mr. Woolfson for documents, and Defendant's immediate setting of Mr. Woolfson's deposition, is what caused the Defendant's asserted document production problem. Plaintiffs argue that Defendant's counsel should not be allowed to take a further deposition of the expert.

Defendant failed to file any reply to Plaintiffs' response.

---

[1] The parties seem to interchangeably refer to Mr. Woolfson's Declaration at DE 42-5 as a Declaration and a Report.

4

### III.   COURT'S ANALYSIS AND RULING

For whatever reason, Defendant's counsel aggressively demanded an immediate deposition of Plaintiffs' expert, Mr. Woolfson, without taking the time to ensure he would have all of the documents he allegedly needed for that deposition. Defendant got that rapid deposition on August 29, 2020, and now inexplicably complains about it.

Defendant's counsel never subpoenaed Mr. Woolfson for any documents in advance of the August 29th deposition, nor did Defendant serve a formal request for production as to those documents. This failure by Defendant's counsel, combined with Defendant's aggressive push to take Mr. Woolfson's deposition immediately, is what has caused Defendant's predicament. This is not a problem created by Plaintiffs; rather, it is a problem created by Defendant's own conduct.

The Court notes, as discussed above, that Defendant sought—and received—a briefing schedule which directed it to file a September 9, 2020 response to Plaintiffs' class certification motion. Defendant then rushed to take Mr. Woolfson's deposition on August 28, 2020, and ultimately took that deposition on August 29, 2020, after the Court had to intervene on an expedited basis and enter its Order at DE 47.

Despite the fact that defense counsel failed to subpoena the expert for documents and failed to issue a formal request for production for any such documents in advance of the deposition, and concomitantly aggressively rushed to immediately take the expert's deposition, defense counsel now wants a second bite at the proverbial apple to take another two-hour deposition of Mr. Woolfson, because un-subpoenaed documents were provided to him at the last minute. But, it is clear that Defendant's own haste and lack of planning created the problem of which Defendant now so vociferously complains.

Defendant's counsel rushed to take the immediate deposition of Mr. Woolfson without first ensuring that he would have all the documents he believed he needed well prior to the deposition. This reflects poor planning and therefore Defendant has only itself to blame for its predicament. *See Chavez v. Arancedo*, No. 17-20003-Civ, 2018 WL 3474697 (S.D. Fla. July 19, 2018) ("the Court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery."); *see also Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 WL 113456 (S.D. Fla. Jan. 19, 2009) (same). The Court will not reward Defendant with a further deposition of Mr. Woolfson when it mismanaged the timing of the first deposition and related document requests.

Moreover, when confronted with a clear and concise response from Plaintiffs [DE 51] which asserted that all documents, including all Rule 26 documents relating to Mr. Woolfson, had been produced, over Plaintiffs' objection, prior to the deposition---despite the failure of Defendant's counsel to issue a subpoena to Mr. Woolfson---Defendant opted not to even file a reply. Defendant's counsel's failure to refute these assertions of Plaintiffs' counsel in a reply speaks volumes. Moreover, Defendant failed to reply to the legal argument and caselaw submitted in Plaintiffs' response.

In sum, Defendant's argument and logic justifying an Order from this Court requiring a second deposition of the expert is, to quote the late Justice Scalia, "pure applesauce." *King v. Burwell*, 135 S. Ct. 2480, 2501 (2015) (Scalia, J., dissenting). Simply put, the Court will not bail Defendant out of the predicament that its own counsel caused. The request for two hours of additional deposition time of Mr. Woolfson is meritless. This is now the second silly and

wasteful discovery dispute this Court has had to address, and rule upon, in the past 3 weeks in this TCPA case. The next one will result in sanctions to the offending party and counsel.

Accordingly, the Court **DENIES** Defendant's Motion for Additional Time to Depose Plaintiffs' Expert. [DE 48].

**DONE and ORDERED** in Chambers this 22nd day of September, 2020, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge